entered June 29, 1923, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant, his employer. Plaintiff and others of a gang were engaged in removing hatch covers from a steamer upon which they had been sent by defendant to work. While they were thus employed the winch had been working and the fall with the iron hook at its end moved up and down under the direction of the foreman, who was present at the time. After it had gone down and come up some seven or eight times, the hook on its upward journey caught firmly in one of the iron strongbacks which supported the hatch covers on which the men were working, and before the winch could be stopped, pulled it out of its position, throwing it and the covers which still rested on it and the men who were working on top of the covers, down to the bottom of the hold.

*John C. Robinson, Morris A. Wainger* and *James F. Mahan* for appellant.

*Bertrand L. Pettigrew* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

SAMUEL BLANK et al., Appellants, *v.* MORRIS B. EVENS, Respondent.

*Real property — easements — action to restrain erection of apartment house — when complaint properly dismissed.*

*Blank* v. *Evens*, 205 App. Div. 897, affirmed.

(Argued December 3, 1923; decided December 27, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 27, 1923, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at

Special Term. The action was brought to restrain defendant from erecting an apartment house upon land abutting on President street in the borough of Brooklyn. The action was predicated upon the claim that a plan of restriction against the erection of apartment houses on President street was created by the Eastern Parkway Company, the common grantor of all the parties to this suit, partly by covenants inserted in several deeds and partly by an extensive newspaper advertising campaign conducted by the company. The deeds of the defendant and his immediate grantor contained no mention of the plan of restriction created by the said Eastern Parkway Company. The trial justice, however, found that they both had knowledge of the plan sufficient to bind them thereto in equity. The complaint was dismissed upon the ground that the owners of 825 feet out of a possible 1,300 feet of land on this block, such owners being the predecessors in title of all three of the plaintiffs, had abandoned such oral plan and any uniform plan of restriction in 1908, years before any of the plaintiffs had obtained their title.

*Nathan D. Shapiro* for appellants.

*Robert H. Wilson* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.